RILEY A. CLAYTON
Nevada Bar No. 005260
rclayton@lawhjc.com

**HALL JAFFE & CLAYTON, LLP**
7425 PEAK DRIVE
LAS VEGAS, NEVADA 89128
(702) 316-4111
FAX (702)316-4114

Attorneys for Defendant,
State Farm Fire and Casualty Company

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| MICHELLE LAZARY-USHANA, an Individual,<br><br>Plaintiff,<br><br>v.<br><br>STATE FARM FIRE & CASUALTY COMPANY, a Foreign Corporation; DOES I through X; and ROE CORPORATIONS XI through XX, Inclusive,<br><br>Defendants. | CASE NO.: 2:13-cv-01617-JAD-CWH<br><br>**STIPULATION AND ORDER FOR DISMISSAL OF ALL EXTRA-CONTRACTUAL CLAIMS WITH PREJUDICE; AND ORDER REMANDING CASE TO STATE COURT** |

This Stipulation and Order for Dismissal of All Extra-Contractual Claims With Prejudice; And Order Remanding Case to State Court (hereinafter "Order") is entered into by Plaintiff, Michelle Lazary-Ushana ("Plaintiff"), and Defendant, State Farm Fire and Casualty Company ("State Farm"), (collectively referred to as the "Parties"), as an alternative method of resolving a dispute that has allegedly arisen from a February 13, 2012, automobile accident, which culminated in a lawsuit styled *Michelle Lazary-Ushana v. State Farm Fire and Casualty Company,* currently pending in the United States District Court, District of Nevada, Case No. 2:13-cv-01617-JAD-CWH. Plaintiff is represented by Baker Law Offices. State Farm is represented by Hall Jaffe & Clayton, LLP.

The following terms and conditions of this Order will become effective upon the signature by the Parties and the execution and filing of the same by this Court.

1. Plaintiff agrees to dismiss, with prejudice, all extra-contractual claims that have been asserted or could have been asserted against State Farm in the above-referenced lawsuit, including but not limited to breach of the implied covenant of good faith and fair dealing, bad faith, violations of NRS 686A.310, breach of fiduciary or fiduciary-like duties, negligent/intentional misrepresentations, and/or punitive damages.

2. By dismissal of the extra-contractual claims, the only claim that remains viable against State Farm is Plaintiff's claim for contractual benefits under her uninsured/underinsured motorist policy ("UM/UIM"), which is Plaintiff's First Claim for Relief in her Complaint listed as Breach of Contract.

3. The applicable limits of the UM/UIM policy are $15,000 "each person." The Parties understand and agree that **the maximum amount that State Farm would ever be required to pay Plaintiff in "new" UIM proceeds under this Order is $15,000.00.**

4. Because of the $15,000.00 cap on any potential recovery against State Farm, the amount in controversy is now less than the federal diversity jurisdiction threshold and, as such, the Parties have agreed to have the lawsuit remanded to the Eighth Judicial District Court, Clark County; assigned its original case number and original judicial department, i.e., Case No. A-13-685544-C, Dept. XXX; and to have this matter placed into the non-binding arbitration program consistent with Nevada's Arbitration Rules. The Parties agree and understand that after any arbitration award or decision is rendered, the Parties have reserved their rights to appeal the award or decision by timely filing for a trial de novo, and having the matter resolved under Nevada's "short jury trial" program.

5. Except as otherwise stated herein, all phases of the arbitration and any subsequent short jury trial will be governed by the Nevada Rules of Civil Procedure, the Nevada Arbitration Rules, and/or the Nevada Short Trial Rules, where applicable.

6. The arbitrator (or jury) will be allowed to place a full value on the claim, irrespective of any limits, offsets or caps imposed under the insurance policy, this Order, and/or the Nevada arbitration or short jury trial rules (e.g., the $50,000 cap for damages in arbitration cases). As such, the arbitrator (or jury) can make a determination of any amount of potential damages it believes are warranted given the evidence presented and then, once that amount has been determined, the parties will apply the

applicable limits, caps and offsets to the full value determination made by the arbitrator (or jury) to arrive at any amount of UIM benefits potentially payable to the Plaintiff.

7. The Parties understand and agree that State Farm is entitled to an offset in the amount of $50,000.00 for the payments that Plaintiff has already received as a result of the subject accident. The $50,000.00 offset is comprised of $15,000 in UIM benefits that Plaintiff received from Farmers; $30,000 in Bodily Injury benefits Plaintiff received from the tortfeasor; and $5,000 in Medical Payments Coverage paid by State Farm. With a $50,000.00 offset, the Parties understand and agree that State Farm would not become obligated to pay any "new" UIM proceeds unless the arbitrator or, if appealed, a jury, awards Plaintiff more than $50,000.00 for the total value of Plaintiff's injuries and damages.

8. Once the case has been remanded, the Parties will coordinate with each other to have the matter placed in the Court Annexed Arbitration Program at the earliest point possible.

Dated this 7th of October, 2013.

BAKER LAW OFFICES

By /s/ Lloyd W. Baker
Lloyd W. Baker, Esq.
Nevada Bar No. 006893
Jason Barrus, Esq.
Nevada Bar No. 009344
500 S. Eighth Street
Las Vegas, NV 89101
*Attorneys for Plaintiff*

Dated this 7th of October, 2013.

HALL JAFFE & CLAYTON

By [signature]
Riley A. Clayton, Esq.
Nevada Bar No. 005260
7425 Peak Drive
Las Vegas, Nevada 89128
*Attorneys for Defendant*

## ORDER

**IT IS HEREBY ORDERED** that Plaintiff's second claim for relief is dismissed, and this matter is remanded for lack of jurisdiction.

Dated this 9th day of October, 2013.

[signature]
UNITED STATES DISTRICT JUDGE